**Ronald JONES, Plaintiff,**

and

**Twin Cities Fire Ins. Co., Intervenor-Appellee,**

v.

**TOWMOTOR CORPORATION, and Caterpillar Tractor Co., Defendants-Appellants.**

No. 85–1320.

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1986.

---

David S. Kidder, Stephen C. Schoettmer, Patrick F. Fischer, Dallas, Tex., for defendants-appellants.

Jim Curtis, El Paso, Tex., for Twin Cities Fire Ins. Co.

Before THORNBERRY, RUBIN and JOLLY, Circuit Judges.

THORNBERRY, Circuit Judge:

Defendant-Appellant Towmotor Corporation appeals the district court's judgment on a jury verdict assessing 40% of plaintiff's damages against it. We affirm.

## FACTS

Ronald Jones, an employee of El Paso Natural Gas Company, was injured when the forklift he was operating turned over on its side. Jones filed suit in state district court against Towmotor, the manufacturer of the forklift and a wholly-owned subsidiary of Caterpillar Tractor Company, alleging that the forklift was defective and that Towmotor was negligent. Towmotor removed to federal district court, and Twin Cities Fire Insurance Company, the workers' compensation carrier for Jones's employer, intervened.

The district court submitted Jones's case against Towmotor to the jury on special interrogatories. The jury found that Towmotor had sold the forklift without either adequate warnings or adequate instructions for safe use, and concluded that the forklift was unreasonably dangerous as marketed. The jury also found Towmotor negligent in failing to provide adequate warnings or instructions for safe use of the forklift. In addition, the jury found that Jones was negligent in his operation of the forklift. The jury found the product defect, Towmotor's negligence, and Jones's

negligence were producing or proximate causes of Jones's injuries and apportioned causation in the following manner:

| | |
|---|---|
| The product defect | 5% |
| The negligence of Towmotor Corporation | 35% |
| The negligence of Ronald Jones | 60% |
| | 100% |

Finally, the jury assessed Jones's damages at $215,000.

On March 14, 1985, the district court accepted the jury verdict and on March 18, it entered its initial judgment imposing liability on Towmotor in the amount of $10,750 (representing 5% of Jones's damages). Jones and Twin Cities Fire Insurance Company moved the court to amend or alter its judgment. On April 15, the district court entered an amended final judgment imposing liability on Towmotor in the amount of $86,000 (representing 40% of Jones's damages)[1] in accordance with the comparative causation scheme of *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex. 1984). Towmotor appeals, arguing that (1) Texas' comparative negligence statute bars recovery for Towmotor's negligence; (2) *Duncan* applies only in cases with at least two defendants; and (3) the Texas Supreme Court has violated the separation of powers provision of the Texas Constitution. Finding no merit in Towmotor's contentions, we affirm.

## DISCUSSION

▮ Towmotor's principal argument is that Texas' modified comparative negligence statute. Tex.Rev.Civ.Stat.Ann. art.

1. Because Twin Cities Fire Insurance Company made workers' compensation payments to Jones in excess of $86,000 and was subrogated to Jones's rights against Towmotor under Tex.Rev. Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp. 1986), the district court entered judgment in favor of Twin Cities. Consequently, Jones has had no part in this appeal.

2. Article 2212a § 1 states:
 Contributory negligence shall not bar recovery in an action by any person or party or the legal representative of any person or party to recover damages for negligence resulting in death or injury to persons or property if such negligence is not greater than the negligence

2212a § 1 (Vernon Supp.1985),[2] operates to bar Appellee from recovering for Towmotor's negligence because Jones's negligence (60%) was greater than Towmotor's (35%). The defect in this argument is that it completely ignores the jury's finding of product defect. Once the plaintiff establishes strict liability on the part of a defendant, Article 2212a § 1 does not apply, notwithstanding that the same defendant may also have been negligent. *See General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex.1977). In *Simmons*, the jury found General Motors negligent and strictly liable. The Texas Supreme Court found Article 2212a § 1 inapplicable, reasoning that "[t]he article deals specifically with negligence, and it nowhere uses the term 'strict liability.'" *Id.* at 862. The Texas Supreme Court explicitly reaffirmed this part of the *Simmons* holding in *Duncan:* "We reaffirm our observation in *General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex. 1977), that Article 2212a does not apply to actions in which strict liability is established." *Duncan*, 665 S.W.2d at 426. *Cf. Howard P. Foley Co. v. Cox*, 679 S.W.2d 58, 64 (Tex.App.—Houston [14th Dist.] 1984) (Defendant argued that negligent defendants should be separated from strictly liable defendants and that liability of negligent defendants should be apportioned under Article 2212a. The court rejected this argument, stating its belief that *Duncan* "has foreclosed the type of damage allocation system for which [defendant] argues.")

Towmotor relies heavily on the following language from *Duncan* to support its position that Article 2212a controls this case:

of the person ... against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

We note that, effective September 1, 1985, the Texas legislature repealed Article 2212a and recodified it in the Civil Practice and Remedies Code, Ch. 959, § 1, 1985 Tex.Sess.Law Serv. 7043, 7105 (Vernon); *id.* § 9, at 7218. The legislature made clear that the Act was "intended as a recodification only, and no substantive change in the law is intended by this Act." *Id.* § 10, at 7219.

Article 2212a will, of course, continue to govern cases in which the plaintiff alleges only negligence or where the plaintiff fails to obtain findings of defect and producing cause, or breach of warranty, against a product supplier who has been joined with a negligent defendant.

665 S.W.2d at 429. This language makes clear, as Towmotor contends, that Article 2212a has continuing vitality post-*Duncan.* It also makes clear, however, that Article 2212a does not control this case. This is so because Jones alleged strict products liability as well as negligence and obtained findings of defect and producing cause against Towmotor.

██ Given that Article 2212a § 1 does not apply, we now consider Towmotor's argument that the *Duncan* scheme applies only in multi-defendant/tortfeasor cases.[3] In *Duncan,* the court adopted a pure comparative causation scheme for cases in which strict products liability was established. 665 S.W.2d at 429. There must be at least two parties causally responsible for any comparative causation system to operate. Here, both Jones and Towmotor were causally responsible; Jones's and Towmotor's negligence and the product defect combined to cause Jones's injuries. It is clear from the *Duncan* opinion, however, that the court did not intend to limit the application of comparative causation to strict products liability cases involving at least two defendants. To further the policies of efficient accident cost allocation and fairness to the parties, *Duncan,* 665 S.W.2d at 424–25, the court adopted a system that "allow[s] comparison of plaintiff's conduct ... with the conduct or product of a defendant." 665 S.W.2d at 428. From this language, and because the policies served by *Duncan's* adoption of a pure comparative causation system fully apply when causation is attributable to the plaintiff and a single, strictly liable defendant, we conclude that *Duncan's* scheme applies to this case.

██ Finally, Towmotor argues that the Texas Supreme Court, by deciding that Article 2212a does not apply when there has been a finding of strict liability, has violated article II, section one of the Texas Constitution, which provides for separation of powers among the branches of government. Towmotor's argument fails to recognize that the Texas Supreme Court is the ultimate arbiter of the Texas Constitution, *see American Federation of Labor v. Watson,* 327 U.S. 582, 596, 66 S.Ct. 761, 768, 90 L.Ed. 873 (1946), and that the court found that making Article 2212a inapplicable to cases in which the plaintiff established strict liability on the part of a defendant did not violate the state constitution: "The legislature's decision to limit Art. 2212a to negligence cases does not, however, preclude this court from fashioning a common law comparative apportionment system for strict products liability cases." *Duncan,* 665 S.W.2d at 427.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**3.** Towmotor argues that Towmotor and Caterpillar are a single entity and points out that jury issues were submitted only against Towmotor.

In its brief, Appellee Twin Cities Fire Insurance Company concedes that Towmotor and Caterpillar constitute only one defendant.