Thomas E. CONLEY

v.

Caroline M. MAATTALA, in her capacity
as Administratrix of the Estate of
Richard W. Lammela.

Civ. A. No. 2988.

United States District Court
D. New Hampshire.

July 31, 1969.

N. Michael Plaut, Faulkner, Plaut,
Hanna & Zimmerman, Keene, N. H., for
plaintiff.

William D. Tribble, Jaffrey, N. H.,
John H. Sanders, Upton, Sanders & Up-
ton, Concord, N. H., for defendant.

William H. Barry, Jr., Asst. U. S.
Atty., amicus curiae, for United States.

ORDER ON THAT PART OF THE
   DEFENDANT'S ANSWER IN
   WHICH SHE SEEKS TO HAVE
   THE SECOND COUNT OF THE
   PLAINTIFF'S COMPLAINT DIS-
   MISSED

BOWNES, District Judge.

In this action the plaintiff, a member
of the Armed Services, alleges that he
was injured on May 26, 1968, as a result
of a collision between his motor vehicle
and that of the defendant's intestate.
Negligence of the latter is alleged as the
cause of the collision. In the second
count of the complaint, the plaintiff
seeks to recover "the reasonable value of
medical care and treatment furnished
and to be furnished [the plaintiff] by
the United States * * *, for the sole
use and benefit of the United States in
accordance with * * * 42 U.S.C.
Sections 2651–2652 * * *, with the
consent of the United States."

The defendant, in further answer to
the second count, denies the right of the
plaintiff to recover such damages and
alleges that no claim is stated upon
which the plaintiff can recover since only

the United States is entitled to claim such damages pursuant to Section 2651, which provides in pertinent part:

(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care * * * to a person who is injured * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured * * person * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. * *.

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured * * * person * * against the third person who is liable for the injury * * *; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury * * * involved, institute and prosecute legal proceedings against the third person who is liable for the injury * * * in a State or Federal court, either alone (in its own name or in the name of the injured person * * *) or in conjunction with the injured * * * person * * *. 42 U.S.C. § 2651.

■■ By letter dated June 24, 1968, the Department of the Army authorized the attorneys for the plaintiff to assert the claim of the United States as an item of special damages in the suit brought by the plaintiff against the defendant. Plaintiff's Exh. No. 1. As the Court reads 42 U.S.C. § 2651, the United States Government has three ways of recovering for medical and hospital care furnished to a plaintiff claiming tort liability by a third person: (1) by subrogation; (2) by intervening or joining in any action brought by the injured person; and, (3) by instituting such an action itself or in conjunction with the injured or deceased person. None of these procedures is mandatory: the choice of method is left to the head of the department or agency furnishing such care.

In the instant case, the United States, through the Department of the Army, filed a notice of claim with the alleged third-party tortfeasor and authorized the attorneys for the plaintiff to assert the government's claim.

■ Under these circumstances, the Court conceives of no valid reason why the United States should be required to be made a party either by way of intervention or the institution of an additional action. To the contrary, the Court can see how such intervention or independent action by the United States as a named party might be quite prejudicial to the plaintiff's claim against the defendant. The intent of the statute is to allow the United States to recover the reasonable value of hospital, medical, surgical, or dental care rendered to a person injured by tortious conduct of a third person. Of paramount import is the right of the United States to recover the fair value of such services, and it is not important whether this be done by way of subrogation, intervention, or independent action by the United States. It is important, however, that the plaintiff be accorded a fair trial and that the attention of the jury not be distracted from the main issues of liability and damages by the fact that the United States is a party because it furnished hospital and medical services free of charge to the plaintiff.

The answer to the second ccunt is treated as a motion to dismiss and it is denied. So ordered.