**Rita KOONCE, et al.,**
**Plaintiffs-Appellees,**

v.

**QUAKER SAFETY PRODUCTS & MANUFACTURING COMPANY, and Delaware Valley Safeguards Company, Inc., Defendants-Appellants.**

No. 84–2749.

United States Court of Appeals,
Fifth Circuit.

April 10, 1987.

Michael L. Dunn, Smead, Anderson & Dunn, Longview, Tex., for defendants-appellants.

Mike A. Hatchell, Tyler, Tex., for E.I. Du Pont & Angelica Uniform Group.

C. Wayne Dowd, Texarkana, Ark., for Nat. Engineer Co.

Charles Attaway, Texarkana, Tex., for Koonce, et al.

Eric Eisenbraun, Harold F. Degenhardt, Gibson, Dunn & Crutcher, Dallas, Tex., for McGraw Edison Co.

Robert H. Frost, Dallas, Tex., for Automatic Sprinkler Co.

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

ON PETITION FOR REHEARING

(Opinion August 15, 1986, 5 Cir., 1986, 798 F.2d 700)

GARWOOD, Circuit Judge:

Defendants-appellants Quaker Safety and Delaware Valley complain in their

petition for rehearing of our failure to reverse the plaintiffs' judgment against them on account of the error in dismissing the contribution or indemnity actions of Delaware Valley and Quaker Safety against the third-party defendants on the ground of limitations. We overrule this contention.

Defendants assert that this exposes them to the possibility of inconsistent results in their action for contribution. However, the potential for some inconsistency will often exist where there is a separate action for contribution or indemnity following a trial in which the party claiming such relief has been held liable, and Texas law has long recognized that such a separate action may be appropriate.[1] We also observe that in *City of San Antonio v. Talerico*, 98 Tex. 151, 81 S.W. 518 (Tex.1904), the disposition made by the Texas Supreme Court was similar to the disposition which we make here, namely: the judgment in favor of the plaintiff against the defendant city was affirmed, notwithstanding that the judgment in favor of the third-party defendant, on the city's suit against it for indemnity, was reversed and remanded for trial, it being held that limitations did not bar the city's indemnity suit against the third party, although the plaintiff's cause of action against the third party was so barred.

The cases relied on by defendants generally involved distinctly different situations. For example, in *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734 (5th Cir.1980), the plaintiff sued the retailer of a product for personal injuries arising from its use, and the retailer in the same trial recovered indemnity from the supplier of the principal components. The supplier appealed and we reversed, holding that the charge erroneously allowed the jury to employ *res ipsa loquitur* to determine that plaintiff's injuries arose from a defect in the product. Although the defendant retailer did not appeal, we determined that our referenced holding also required reversal of the judgment against the retailer, because it vitiated the basis for recovery against the retailer. *Id.* at 743, 744. *See also Truck Drivers, Etc. v. Whitfield Transportation*, 273 S.W.2d 857, 863 (Tex.1954) (injunction against union and others, based solely on alleged illegal conduct by union, is reversed as to all defendants where, on appeal by union only, it is held that union did not engage in any illegal conduct). Similarly, the appeal of a party primarily liable, such as a principal, has been held to enure to the benefit of a party whose liability is essentially secondary. *See Hamilton v. Prescott*, 73 Tex. 565, 11 S.W. 548, 549 (1889) (court "has not hesitated to affirm as to a principal, and reverse as to a surety; but we presume no case can be found where it has reversed as to the principal, and affirmed as to the surety"). These cases are inapposite here, as we found no error in the determination of the liability of these defendants to the plaintiffs, nor any error in the disposition of the claims by the plaintiffs against any other party.

Defendants also call to our attention *Kenneally v. Thurn*, 653 S.W.2d 69 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.), where, in a negligence suit against several defendants, one defendant was erroneously

---

1. Although the Texas Civil Practice and Remedies Code ("CPRC"), section 33.017, formerly Tex.Rev.Civ.Stat.Ann. art. 2212a, § 2(g) (enacted in 1973), provides in negligence cases for determination of contribution claims in the primary suit, by its terms it is inapplicable to instances where the one from whom contribution is sought is not a party (whether as third-party defendant or otherwise) to the primary suit. *See Amoco Chemical Corp. v. Malone Service Co.*, 712 S.W.2d 611, 613 (Tex.App.—Houston [1st Dist.] 1986, no writ). The defendant in the initial suit may be unable to join therein one from whom contribution might be available because of jurisdictional reasons or because the identity or relation to the incident of that person is not then known. Further, article 2212a has been held inapplicable to cases, such as the present one, where recovery is based in whole or in part on strict liability in tort, *see Jones v. Towmotor Corp.*, 779 F.2d 1133 (5th Cir.1986), and the CPRC made no substantive revisions. *Id.;* CPRC § 1.001(a). In cases governed by CPRC chapter 32, formerly article 2212, third-party defendants sued for contribution have often been entitled to a different venue, thus forcing the contribution claim to be tried in a separate lawsuit. *See Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 776 (1944); *Lubbock Manufacturing Co. v. International Harvester Co.*, 584 S.W.2d 908 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). *Cf. Iowa Manufacturing Co. v. Weisman Equipment Co.*, 667 S.W.2d 209 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

granted an instructed verdict, the jury found the plaintiff and the remaining defendants each causally negligent in varying percentages, and it was held that the erroneous grant of an instructed verdict as to the one defendant entitled the plaintiff to a new trial as to all. This was because, due to the grant of an instructed verdict, the negligence of all defendants was not submitted to the jury, the court observing that "plaintiffs are entitled to a comparison of the extent of the causal negligence of all parties to the suit." *Id.* at 75. Here, however, as we noted in our initial opinion, defendants were allowed to submit proof as to the causative fault of the third-party defendants and to have the jury instructed and make findings thereon.

Finally, defendants rely on *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982). Although the facts in that case are not wholly analogous (for example, it was the party held liable in indemnity and on a crossclaim who contended that full retrial was required), nevertheless, it does provide support for defendants' position. However, we decline to apply *Brookhollow* to the circumstances of this case. Even in diversity cases, the scope of an appropriate retrial is a matter of federal procedure not controlled by state practice. For example, in Texas law diversity cases, we may order retrials on damages only, even where they are unliquidated, *see Maxey v. Freightliner Corp.*, 727 F.2d 350, 352 (5th Cir.1984), although such retrials are prohibited under Texas practice. *Brookhollow* at 166.

Two considerations, taken together, lead us to decline to order a general retrial in this case. In the first place, defendants had a fair trial on plaintiffs' suit against them, and there is no error in that portion of the case. Further, defendants were allowed to produce evidence and argue, and have jury instructions and findings on, the fault of the third-party defendants, and thus have the benefit of their case being presented and considered in a complete con-

text in this respect. Second, the district court's ruling in favor of the third-party defendants was based on *Powell v. Charles Offutt Co.*, 576 F.Supp. 272 (E.D.Tex.1983), *aff'd*, 731 F.2d 886 (5th Cir.1984), which was then binding precedent, as pointed out in note 8 of our prior opinion herein. While we have now determined that *Offutt* was in error, and have given the defendants the principal benefit of that determination by remanding the case for trial of their contribution claims against the third-party defendants, we feel it is, on the balance, unfair to also penalize the plaintiffs for this reversal of position on our part, where the ruling now perceived to be erroneous is not related to plaintiffs' recovery from defendants or the conduct of the trial on those issues. We recognize, and regret, that less than perfect justice is being done. But there is now no way that we can do perfect justice. Given the alternatives, we believe that in these special circumstances the fairest thing to do is to affirm the error-free judgment in favor of plaintiffs.

None of the other contentions in the petition for rehearing warrant discussion.[2]

The petition for rehearing is OVERRULED.[3]

---

**2.** Costs on appeal are taxed one half to appellees other than the Koonce plaintiffs, and one half to appellants.

**3.** No further petition for rehearing will be entertained, and the mandate will issue forthwith.