Kendall L. ROBNETT, Appellant,

v.

CITY OF BIG SPRING, Appellee.

No. 11–99–00196–CV.

Court of Appeals of Texas,
Eastland.

Aug. 17, 2000.

Rehearing Overruled Sept. 21, 2000.

Abner Burnett, Law Office of Abner Burnett, Odessa, Neil M. Leibman, Leibman & Oesch, Houston, for appellant.

James Mosley, Terry Rhodes, Cotton, Bledsoe, Tighe, & Dawson, Midland, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

JIM R. WRIGHT, Justice.

This case involves governmental liability under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et. seq. (Vernon 1997 & Supp. 2000). All statutory references in this opinion are to the Act. The trial court granted the City of Big Spring's (City) motion for summary judgment, and Kendall L. Robnett appeals that decision. We reverse and remand.

Robnett was driving east on 13th Street in Big Spring. When she came to the intersection of 13th Street and Main Street, she proceeded into the intersection without stopping and collided with another vehicle. Robnett sued the City for "negligence and/or special defect law," for failing "to keep the roadway free and clear of unexpected and unusual dangers to ordinary users of roadways" and for failing to "reduce or eliminate an unreasonable risk of harm created by a condition of which it was aware or reasonably should have been aware." Specifically, Robnett claims that the branches of an overgrown elm tree completely restricted her view of the stop sign at the intersection and proximately caused the collision.

The City filed a motion for summary judgment, contending that it was entitled to sovereign immunity subject to the limited exceptions set forth in the Texas Tort Claims Act. Furthermore, the City asserted in its motion that the elm tree in question was a premise defect as a matter of law and that it had no actual notice or knowledge of the overgrown tree. The trial court granted both the City's motion to strike Robnett's summary judgment evidence and its motion for summary judgment.

Robnett takes the position that the obstructed stop sign constitutes a special defect or, alternatively, if it is a premise defect, then she has presented admissible summary judgment evidence of actual notice. She also argues that the trial court

erred when it struck portions of the affidavits filed by her as hearsay. In her affidavit, Robnett stated that she had a conversation with a police officer after the accident and that he told her that "the tree had been a problem before and there had been prior accidents." She also stated that the same officer explained to her "not to feel bad, that even he had almost run the stop sign before, and he knew about it." Robnett further claimed in her affidavit that two ladies who worked in the courthouse had told her that they knew about the intersection. Robnett filed the affidavit of Thomas J. Kelly, who was present during a conversation between the City Judge of Big Spring and Robnett. Both Robnett and Kelly asserted in their affidavits that the judge stated that everyone in town knew about the intersection.

 Under the doctrine of sovereign immunity, the State and its agencies are generally immune from suit unless the State gives its consent to be sued. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401 (Tex.1997). The Texas Tort Claims Act waives governmental immunity in certain situations. Insofar as is relevant to this case, Section 101.021(2) provides for governmental liability for:

> [P]ersonal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

 Robnett argues both on appeal and in the trial court that the correct duty owed to her by the City is contained in the portion of Section 101.022(b) dealing with special defects. Section 101.022(b) provides:

> The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

It is well established that, in cases involving a special defect, the governmental unit owes a claimant the duty that a private landowner owes an invitee. *County of Harris v. Eaton,* 573 S.W.2d 177, 180 (Tex. 1978). That duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition of which the owner reasonably should be aware. *State Department of Highways & Public Transportation v. Payne,* 838 S.W.2d 235, 237 (Tex.1992).

However, in its motion for summary judgment, the City maintains that its duty in this case is established under Section 101.022(a). Section 101.022(a) provides:

> If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

That duty requires:

> [T]hat a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.

*State Department of Highways & Public Transportation v. Payne,* supra at 237; *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974).

 Section 101.022(a) is actually a limitation upon the duty owed by a governmental unit by requiring actual knowledge of the dangerous condition. This is recognized as a limitation in Section 101.022(b).

 It is important to note that Section 101.060(a)(2) provides that the chapter allowing for governmental liability does not apply to a claim arising from "the . . . condition . . . of a traffic or road sign, signal, or warning device unless . . . the . . . condition . . . is not corrected by the responsible governmental unit within a reasonable time after notice." In other

words, governmental immunity is not waived by the Texas Tort Claims Act in that situation, unless the governmental unit fails to correct the situation within a reasonable time after notice. The Texas Supreme Court has held that the obstruction of a stop sign by trees or branches is a "condition" of the sign within former Article 6252–19, section 14(12), now Section 101.060(a)(2). *Lorig v. City of Mission*, 629 S.W.2d 699 (Tex.1982). The question of notice, therefore, is pivotal in determining whether immunity has been waived under Section 101.060(a)(2) of the Act.

Section 101.060(a)(2) simply provides for "notice." For two reasons, we hold that, before governmental immunity is waived under Section 101.060(a)(2), the governmental unit must either have known or should have known of the condition and that it failed to remedy the condition within a reasonable time after such notice. First, in Section 101.022(b), the legislature has stated that the limitation of Section 101.022(a) does not apply to Section 101.060 cases. That limitation is a requirement that actual notice be shown. Second, in Section 101.060(a)(3), the legislature provided for "actual notice" in cases involving the removal or destruction of signs, signals, or warning devices by third persons. If the legislature had intended to require proof of actual notice, then it certainly knew how to so provide, but it did not. *State v. Norris*, 550 S.W.2d 386, 391 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Similarly, *Kenneally v. Thurn*, 653 S.W.2d 69, 72 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), dealt with the liability of a municipality under what is now Section 101.060(a)(2) of the Act for negligent failure to keep the view of a stop sign unobstructed. The court held that there was "sufficient evidence to raise a question of fact as to whether the condition had existed for such a length of time that City, in the exercise of reasonable diligence, *should have discovered it.*" (Emphasis added).

Appellant and appellee have cited us to *State v. Burris*, 877 S.W.2d 298 (Tex.1994); *State Department of Highways and Public Transportation v. Kitchen*, 867 S.W.2d 784 (Tex.1993); *State Department of Highways & Public Transportation v. Payne*, supra; *Sipes v. Texas Department of Transportation*, 949 S.W.2d 516 (Tex. App.—Texarkana 1997, writ den'd); *State v. Williams*, 932 S.W.2d 546 (Tex.App.— Tyler 1995, writ den'd); *Stambaugh v. City of White Oak, Texas*, 894 S.W.2d 818 (Tex.App.—Tyler 1994, no writ); *Couch v. Ector County*, 860 S.W.2d 659 (Tex.App.— El Paso 1993, no writ); *Texas Department of Transportation v. Horrocks*, 841 S.W.2d 413 (Tex.App.—Dallas 1992), *rev'd on other grounds and rem'd*, 852 S.W.2d 498 (Tex.1993); and *Sutton v. State Highway Department*, 549 S.W.2d 59 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.). These cases are all distinguishable because they do not involve obstructed stop signs and, therefore, do not address Section 101.060.

■ In granting the motion for summary judgment, the trial court did not specify the ground or grounds relied on for the ruling. When reviewing such an order on appeal, the summary judgment will be affirmed if any of the theories advanced in the motion for summary judgment are meritorious. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

■ The only grounds raised in the City's motion was that the obstructed defect was a "premises defect" as a matter of law and that it either conclusively established that it had no actual knowledge of the condition or, alternatively, that Robnett had no evidence of actual knowledge. Because we have held that either actual or constructive notice is sufficient notice under Section 101.060(a)(2), before the City could prevail upon its motion for summary judgment, the City must have conclusively established that it had neither type of notice. TEX.R.CIV.P. 166a(c). This it did not do. The law generally is that the

specific grounds for summary judgment must be expressly presented in the motion itself. Rule 166a(c); *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 339 (Tex.1993). Motions for summary judgments must stand or fall on their own merits. While Robnett did not raise the issue of the application of Section 101.060(a)(2), she did raise the issue of constructive notice. The question of constructive notice is common to both Section 101.022(b) and Section 101.060(a)(2). The non-movant's failure to except, answer, or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *McConnell v. Southside Independent School District, supra at 342–43.* "If a non-movant fails to present any issues in its response or answer, the movant's right is not established and the movant must still establish its entitlement to summary judgment." *McConnell v. Southside Independent School District, supra at 343.*

The City failed to conclusively establish that it had no constructive notice of the defect. Therefore, the motion for summary judgment should not have been granted.

The judgment of the trial court is reversed, and the cause is remanded to the trial court.