# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00034-CV

**City of Austin, Appellant**

**v.**

**Francisco Lamas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN301192, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## O P I N I O N

In this case, we examine a governmental unit's liability under the Tort Claims Act because of the condition of a stop sign. A tort allegedly occurred when a city bus ran a stop sign that was obscured by tree branches. The City of Austin argues that sovereign immunity bars tort liability unless it had actual notice of the traffic sign's condition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2) (West 1997). Because Lamas did not plead actual notice and because discovery revealed that the City did not have actual notice of the condition of the sign, the City asserted that the court lacked jurisdiction. The district court denied the City's plea to the jurisdiction. For the reasons stated below, we affirm the district court's denial of the City's plea to the jurisdiction.

## BACKGROUND

In August 2002, Francisco Lamas was a passenger aboard a bus owned and operated by Capital Metropolitan Transportation Authority in Austin. As the bus approached the intersection of Tillery St. and Goodwin St. in Austin, the driver failed to observe a stop sign that was allegedly obscured by foliage. The driver did not stop at the intersection, and the bus ran over a dip in the street without slowing. As a result, Lamas claims that he sustained serious injuries after being thrown into the air during the incident. The stop sign and the alleged foliage were located in a City-controlled easement, and the City is responsible for the maintenance of traffic signs. Neither party claims that the City had actual notice of the condition of the stop sign.

Lamas brought a personal injury action against the City.[1] The City filed a plea to the jurisdiction on the grounds that sovereign immunity barred the City from tort liability under the Texas Tort Claims Act. After the trial court denied the City's plea to the jurisdiction, the City brought this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (West 2004); *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

## DISCUSSION

In its sole issue, the City appeals the trial court's denial of its plea to the jurisdiction, arguing that sovereign immunity bars Lamas's cause of action because it did not have actual notice of the condition of the sign. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2).

---

[1] Lamas also sued Capital Metro and the First Latin American Assembly—a third party land owner—but those claims have been settled.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *See West Orange-Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 587 (Tex. 2003); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Because subject-matter jurisdiction presents a question of law, we review the district court's decision *de novo*. *See Mayhew*, 964 S.W.2d at 928; *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex. App.—Austin, 2000, no pet.). Governmental immunity from suit defeats a trial court's jurisdiction and so it may be raised by a plea to the jurisdiction. *Harris County v. Sykes*, 136 S.W.3d at 638; *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the case; rather, we construe the pleadings in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A jurisdictional challenge may implicate the merits of the plaintiff's cause of action. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If evidence raises a fact issue concerning the court's jurisdiction, it would be inappropriate for the court to grant a plea to the jurisdiction. *Id*. at 227-28.

The Tort Claims Act expressly waives sovereign immunity for "injuries arising out of conditions or use of property." *Id*. at 225; *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002) (quoting *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000)); *Texas Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002) (section 101.060 is exception to general waiver

3

of immunity in section 101.021); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1997). In cases involving the condition of a traffic sign, the Tort Claims Act expressly waives immunity for governmental units when the tort arises from a failure to warn of a special defect so long as the requisite notice standard is satisfied under section 101.060. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.022 (West 1997), .060. Section 101.060(a)(2) specifies that "notice" of a condition of a traffic sign is required to impose liability. *Id*. § 101.060(a)(2). Because the City argues that the statute requires a showing of "actual notice"—which neither party asserts the City had in this case—we must construe the meaning of "notice" as it appears in section 101.060(a)(2).

Determining legislative intent is the overriding goal of statutory interpretation. *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002). In order to ascertain legislative intent, we first look to the plain and common meaning of the words used by the legislature. Tex. Gov't Code Ann. § 311.011 (West 1998); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000); *Texas Workers' Comp. Comm'n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 908 (Tex. App.—Austin 1999, pet. denied). Unless a statute is ambiguous, courts abide by the clear language of the statute and enforce it as written. *Republicbank Dallas*, *N.A. v. Interkal*, *Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

Statutes are interpreted by considering the entire statute, not just disputed provisions. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 514 (Tex. 1997); *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002, no pet.). Disputed provisions are to be considered in context, not in isolation. *See Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999). We are to presume that every word in a statute has been used for a purpose and that each

4

word, phrase, clause, and sentence should be given effect. *State v. Shumake*, 131 S.W.3d 66, 75 (Tex. App.—Austin 2003, no pet.); *see State v. Evangelical Lutheran Good Samaritan Soc'y*, 981 S.W.2d 509, 511 (Tex. App.—Austin 1998, no pet.).

The legislature created a general duty owed for premises defects in section 101.022. A government unit owes a claimant only the duty that a private person owes to a licensee on private property. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (West 1997). Thus, actual knowledge rather than constructive knowledge of a dangerous condition is required. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974). However, the limitation of duty contained in section 101.022(a) does not apply to the duty to warn of special defects, including the duty to warn of the condition of a traffic sign "as is required by section 101.060." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b).

Instead, a municipality is liable for "personal injury and death caused by the condition or use of a tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id*. § 101.021. In particular, section 101.060 addresses traffic signs, signals, and warning devices. *Id*. § 101.060. The legislature has expressed the notice requirement differently in 101.060(a)(2) than in subsection (a)(3). *Id*. A governmental unit has immunity from a tort that arises from "the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after *notice*."[2] *Id*. § 101.060(a)(2).

---

[2] A stop sign's obstruction from view by foliage is a "condition" of that sign within the meaning of section 101.060(a)(2). *Lorig v. City of Mission*, 629 S.W.2d 699, 701 (Tex. 1982). In *Lorig*, the supreme court reversed a grant of summary judgment when the plaintiff had pleaded actual notice under a former version of section 101.060(a)(2). *Id*. at 701. The court held that the terms of the Tort Claims Act applied in that case instead of Mission's city charter provisions. *Id*. The court did not hold that section 101.060 requires actual notice; instead, it held that a pleading of

5

In contrast, if the tort arises from the removal or destruction of a traffic sign, the governmental unit will only be subject to liability if there is a showing of "actual notice." *Id.* § 101.060(a)(3).

After reviewing section 101.060 in the context of the Tort Claims Act, we conclude that subsection (a)(2) does not require actual notice. In section 101.022, the legislature specifically carved out an exception to the general limitation on the duty to warn of premise defects in subsection (a) by creating a specific provision relating to special defects in subsection (b). *Id.* § 101.022. In creating this exception, the legislature directly contemplated exempting special defects, including stop signs, from an actual notice standard. Nonetheless, the legislature decided that the removal or destruction of a road sign in 101.060(a)(3) should still fall under the actual notice requirement. *See id.* § 101.060(a)(3). However, the legislature chose to impose a different level of notice in section 101.060(a)(2) for the absence, condition, or malfunction of a road sign. *See id.* § 101.060(a)(2). Although the City would have us read "notice" in subsection (a)(2) to mean "actual notice," we will respect the legislature's choice in enacting two differently worded clauses governing the notice requirement for tort liability in section 101.060.

We find support for our conclusion from other appellate courts that have examined this issue in different procedural contexts and concluded that section 101.060(a)(2) does not require actual notice. In *Robnett v. City of Big Spring*, for example, a trial court granted a summary-judgment motion to the city based on sovereign immunity in a dispute over the city's failure to maintain a stop sign allegedly obstructed by an elm tree. 26 S.W.3d 535, 536-538 (Tex.

---

actual notice was sufficient to overcome a motion for summary judgment. *Id.*

App.—Eastland 2000, no pet.). The Eastland court reversed. *Id*. Evidence introduced through affidavits in *Robnett* indicated that there had been prior accidents due to the obstructed sign, that the police officer on the scene personally knew that the tree in question was a problem, and, according to the trial judge, that "everyone in town" knew about the intersection. *Id*. at 537. The court held that for governmental immunity to be waived under section 101.060(a)(2), the governmental unit must either have known or *should have known* of the condition within a reasonable time after notice. *Id*. at 538. The court then reasoned that the section 101.022(a) limitation on premises defects—that actual notice be shown—does not govern special defects under section 101.060 and that, had the legislature wanted to require actual notice in subsection (a)(2) as it requires in subsection (a)(3), then it "certainly knew how to so provide, but it did not." *Id*.

In *Kenneally v. Thurn*, the San Antonio court considered photographs that showed scraggly, untrimmed bushes located on the unimproved portion of a city street easement that had allegedly obstructed a traffic sign for as long as a resident remembered. 653 S.W.2d 69, 71-72 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). Evidence also showed that police officers passed through the intersection several times a month. *Id*. at 72. In light of this evidence, the San Antonio court overruled the trial court's grant of summary judgment for the municipality, holding that there was "sufficient evidence to raise a question of fact as to whether the condition had existed for such a length of time that City, in the exercise of reasonable diligence, *should have discovered it*." *Id*. at 71-72 (emphasis added).

In *State Department Highways & Public Transportation v. Gonzales*, the Corpus Christi court affirmed a jury verdict against the Texas Department of Transportation in a case

7

concerning a traffic accident that occurred at an intersection controlled by a stop sign that had been vandalized six times in the seventeen days prior to the accident. 24 S.W.3d 533, 537-540 (Tex. App.—Corpus Christi 2000), *rev'd*, 82 S.W.3d 322, 328 (Tex. 2002). The Corpus Christi court differentiated "actual notice" in section 101.060(a)(3) from "notice" in section 101.060(a)(2) because the State had no reason, under normal circumstances, to anticipate the destruction or removal of a sign by vandals under section 101.060(a)(3), whereas the State might have reason to know of or anticipate a general malfunction or faulty condition of a traffic device as contemplated in section 101.060(a)(2). *Id*. at 538.

The supreme court overturned the Corpus Christi decision because under a plain reading of the words "remove or destroy" the vandalism of the stop sign was properly governed by section 101.060(a)(3); thus, actual notice applied. *Gonzales*, 82 S.W.3d at 328. It did not overrule the San Antonio court's reading of section 101.060(a)(2). *Id*. at 328. Instead, it decided that, under the facts of the case, section 101.060(a)(3) applied and that subsection, by its express terms, requires actual notice, which was missing in the case. *See id*. at 328-329.

After carefully reviewing these decisions, we believe that the legislature intended to require actual notice only in section 101.060(a)(3). It expressly chose to use different words when it crafted section 101.060(a)(2). Given the plain language of section 101.060(a)(2) in the context of the whole statute, we conclude that the legislature intended a difference between "notice" in section 101.060(a)(2) and "actual notice" in section 101.060(a)(3). *See Shumake*, 131 S.W.3d at 75 (indicating each word in statute has been used purposely and should be given effect). Thus, we hold

that section 101.060(a)(2) does not require actual notice and that the district court properly denied the City's plea to the jurisdiction. We overrule the City's issue on appeal.

## CONCLUSION

We conclude that section 101.060(a)(2) does not require actual notice to be pleaded in order for a court to have jurisdiction to hear this cause of action under the Tort Claims Act. A plea to the jurisdiction is a procedural hurdle; therefore, we make no indication of whether the merits of Lamas's case will satisfy the requisite notice under section 101.060. We affirm the district court's order denying the City's plea to the jurisdiction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear:   Opinion by Chief Justice Law;
  Concurring Opinion by Justice Patterson

Affirmed

Filed:   December 2, 2004

9