COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 EL PASO
 COUNTY,
  
                            
 Appellant,
  
 v.
  
 MOCTEZUMA KELLEY,  
  
                             Appellee. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
  
 
 
  
  
 No.
 08-11-00131-CV
  
 Appeal from the
  
 34th Judicial
 District Court
  
 of El Paso County,
 Texas 
                                     
 (TC# 2008-3319) 
 
 


 

O P I N I O N

 

            Moctezuma
Kelley (“Kelley”) sued the County of El Paso (the “County”) for damages related
to the termination of his employment as a detention officer with the El Paso
County Sheriff’s office.  The County
answered the suit, and later filed a plea to the jurisdiction arguing that the
trial court lacked subject matter jurisdiction to consider Kelley’s claims
because he failed to obtain a “right-to-sue” letter from the Texas Workforce
Commission--Civil Rights Division (“TWC-CRD”) and because he filed his suit
prior to the expiration of 180 days after filing his complaints with the
TWC-CRD.  The trial court denied the
County’s plea to the jurisdiction.  We
affirm.

BACKGROUND

            On
June 10, 2008, the County terminated Kelley from his position as a detention
officer with the El Paso County Sheriff’s Office.  Subsequently, on July 16, 2008, Kelley filed
a complaint with the TWC-CRD alleging that he had been discriminated against as
a result of his disability and that the County had retaliated against him for
reporting said discrimination.  Kelley
filed a second complaint with the TWC-CRD on August 4, 2008, alleging that the
County had discriminated against him on the basis of his gender and that the
County had retaliated against him for reporting that discrimination as well.

            On
August 25, 2008, Kelley filed the lawsuit at issue in this appeal.  A the time he filed his lawsuit, forty days
had passed from the date that Kelley had filed his first complaint with the
TWC-CRD and twenty-one days had passed from the date that he filed his second
complaint with the TWC-CRD.

            The
County of El Paso filed its Original Answer on September 29, 2008, and almost
two years later, on August 18, 2010, filed its plea to the jurisdiction arguing
that the trial court lacked subject matter jurisdiction for the reason that
Kelley had failed to exhaust his administrative remedies.  On April 11, 2011, the trial court denied the
County’s plea to the jurisdiction.

DISCUSSION

            In
its sole issue on appeal, the County asserts that the trial court erred by
denying its plea to the jurisdiction.

            A
plea to the jurisdiction is a dilatory plea by which a party challenges the
court’s authority to determine the subject matter of a cause of action.  Bland
Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); see Texas Department of Transp. v. Jones,
8 S.W.3d 636, 637-38 (Tex. 1999).  The
plaintiff bears the burden to allege facts affirmatively proving that the trial
court has subject matter jurisdiction.  Texas Dept. of Criminal Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001); Texas
Ass’n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  To prevail on a plea to the
jurisdiction, the defendant must show an incurable jurisdictional defect on the
face of the pleadings.  City of Austin v. Rangel, 184 S.W.3d
377, 381 (Tex.App.--Austin 2006, no pet.), citing
MAG-T, L.P. v. Travis Cent. Appraisal Dist., 161 S.W.3d 617, 624 (Tex.App.--Austin
2005, pet. denied).

            We
review a plea questioning the trial court’s subject matter jurisdiction de novo. 
See Tx. Dept. of Park and Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  In conducting our review, we do not look at
the merits of the case but construe the pleadings liberally in favor of the
plaintiff, look to the pleader’s intent, and accept the pleadings’ factual
allegations as true.  Texas Dept. of Transp. v. Ramirez, 74
S.W.3d 864, 867 (Tex. 2002); Texas Ass’n of
Business, 852 S.W.2d at 446; Arnold
v. University of Texas Southwestern Medical Center at Dallas, 279 S.W. 3d
464, 467 (Tex.App.--Dallas 2009, no. pet.); City
of Austin v. Lamas, 160 S.W.3d 97, 100 (Tex.App.--Austin 2004, no pet.).

            When
a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties to the extent necessary to
resolve the jurisdictional issues raised, just as the district court is
required to do.  Miranda, 133 S.W.3d at 227, citing
Bland Indep. Sch. Dist., 34 S.W.3d at 555. 
Where a plea to the jurisdiction includes evidence, and the
jurisdictional challenge implicates the merits of the plaintiff’s cause of
action, the trial court reviews the relevant evidence to determine if a fact
issue exists.  Miranda, 133 S.W.3d at 227. 
If the evidence shows a fact question regarding the jurisdictional
issue, a plea to the jurisdiction may not be granted and the fact finder should
resolve the fact issue.  Id. at 227-28.  However, if the relevant evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
plea to the jurisdiction may be ruled on as a matter of law.  Miranda,
133 S.W.3d at 228.

            The
Texas Commission on Human Rights Act, contained in Chapter 21 of the Texas
Labor Code, maintains a comprehensive administrative review system for
obtaining relief from unlawful employment practices.  See El Paso
County v. Navarrete, 194 S.W.3d 677, 683 (Tex.App.--El Paso 2006, pet.
denied).  Prior to filing suit in state
court, an employee must exhaust his administrative remedies under the act by
first filing a complaint, in this case with the TWC-CRD.[1]  Id.  This affords the commission an opportunity to
investigate the allegation, informally eliminate any discrimination, and
minimize costly litigation.  Id. 
Unless an employee submits his complaint to the TWC-CRD within 180 days
after the date the alleged unlawful employment practice occurred, the courts of
Texas are barred from adjudicating the complaint.  Id.
at 683.  This requirement, similar to a
timely notice of appeal, is both mandatory and jurisdictional.  See In
Re United Services Auto. Ass’n., 307 S.W.3d 299, 307 (Tex. 2010)(orig.
proceeding).

            Section
21.208 of the Texas Labor Code mandates that the TWC-CRD either dismiss or
resolve the complaint within 180 days of the filing of the complaint and notify
the employee accordingly.  See Tex.Labor
Code Ann. § 21.208 (West 2006).  A
complainant who receives notice under Section 21.208 that his complaint is not
dismissed or resolved is entitled to request a written notice of his right to
file a civil action.  See Tex.Labor Code Ann. § 21.252.

            Relying
on inter alia, Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483 (Tex. 1991); Jones v. Grinnell Corp., 235 F.3d 972 (5th
Cir. 2001); and Parga v. Kuehne + Nagel,
Inc., 2009 WL 2956825 (W.D. Tex. June 17, 2009), the County contends that
because Kelley failed to obtain a “right-to-sue letter” from the TWC-CRD he
failed to exhaust his administrative remedies, thereby depriving the trial
court of subject matter jurisdiction, requiring dismissal of the suit.  We disagree.

            As
noted above, Section 21.252 of the Texas Labor Code governs the notice of a
complainant’s right to file a civil action. 
It states:

(a)    A
complainant who receives notice under Section 21.208 that the complaint is not
dismissed or resolved is entitled to request from the commission a written
notice of the complainant’s right to file a civil action.

(b)   The
complainant must request the notice in writing.

(c)    The
executive director may issue the notice.

(d)   Failure
to issue the notice of a complainant’s right to file a civil action does not
affect the complainant’s right under this subchapter to bring a civil action
against the respondent.

 

Tex.Labor
Code Ann. § 21.252.

            There
is no jurisdictional language in Section 21.252.  In City
of Houston v. Fletcher, 63 S.W.3d 920, 923 (Tex.App.--Houston [14th Dist.]
2002, no pet.), our sister court stated that “[t]he whole tenor of the section
is permissive and non-jurisdictional.” 
While a complainant is entitled to request written notice from the
commission of his right to file a civil action by the passage of 180 days after
the filing of a written complaint, nothing requires him to do so.  “For jurisdictional purposes, a plaintiff
need not request a right-to-sue letter . . . .” 
Id.  Accordingly, while Kelley was entitled to
seek a right-to-sue letter from the TWC-CRD after the expiration of 180 day
period set forth in Section 21.208 of the Texas Labor Code, he was not required
to do so, and the fact that he sought no such letter did not deprive the trial
court of subject matter jurisdiction.

            The
County also argues that because Kelley filed his lawsuit suit prior to the expiration
of 180 days after filing his complaints with the TWC-CRD, he failed to exhaust
his administrative remedies, again depriving the trial court of subject matter
jurisdiction, requiring dismissal of the suit. 
Again, we disagree.

            Section
21.208 states:

If the commission
dismisses a complaint filed under Section 21.201 or does not resolve the
complaint before the 181st day after the date the complaint was filed, the
commission shall inform the complainant of the dismissal or failure to resolve
the complaint in writing by certified mail.

 

Tex.Labor
Code Ann. § 21.208.

            Similar
to Section 21.252, Section 21.208 contains no jurisdictional language.  Its title refers only to notice.  The entire section obligates the commission
to inform a complainant of the commission’s dismissal of the complaint or its
failure to resolve the complaint, and nothing more.  There is nothing indicating that the Legislature
intended Section 21.208 to be jurisdictional.[2]

            Even
if Section 21.208 was both mandatory and jurisdictional, and we do not find
that it is, nothing would have prevented Kelley from seeking an abatement from
the trial court to cure the jurisdictional defect inasmuch as jurisdiction
would have vested once the time period elapsed. 
See American Motorists Ins. Co. v.
Fodge, 63 S.W.3d 801, 805 (Tex. 2001); Univ.
of Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d 631, 633 (Tex.
2005).

            As
set out above, Kelley filed his complaints with the TWC-CRD on July 16, 2008
and August 4, 2008.  Pursuant to Section
21.208 of the Texas Labor Code the TWC-CRD was obligated to either dismiss or
resolve the complaints within 180 days of their filing and notify the employee
accordingly.[3]  See Tex.Labor Code Ann. § 21.208.  Given that the County’s plea to the
jurisdiction was not filed until August 18, 2010 the case was effectively
abated even though no motion was ever filed. 
As of February 1, 2009, the 180 day time period contained in Section 21.208
had more than elapsed for both of Kelley’s complaints.  On that date, Kelley was entitled to request
a right-to-sue letter from the TWC-CRD, but he was not required to do so.  As a result, the County is unable to show an
incurable jurisdictional defect on the face of the pleadings.  See
City of Austin, 184 S.W.3d at 381, citing
MAG-T, L.P., 161 S.W.3d at 624.

            Inasmuch
as neither Section 21.208 nor Section 21.252 of the Texas Labor Code are
jurisdictional in nature, the trial court properly denied the County’s plea to
the jurisdiction.

CONCLUSION

            Having
overruled Appellant’s only issue, we affirm the trial court’s judgment.

 

 

 

May 16, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
As noted by the County in its brief, if an employee initially files his
complaint with the Equal Employment Opportunity Commission, the complaint is
also considered filed with the TWC-CRD.  See Vielma v. Eureka Co., 218 F.3d 458,
462-63 (5th Cir. 2000).





[2]
However, while there is nothing in the section to indicate that it is jurisdictional, the use of the term “shall”
clearly indicates the Legislature’s intent to make Section 21.208 mandatory on the commission.  See In
Re United Services Auto. Ass’n, 307 S.W.3d at 308-09.

 





[3]
The 180 day time period referred to in Section 21.208 expired for both of
Kelley’s TWC-CRD complaints on January 12, 2009 and January 31, 2009,
respectively.