Peter Anthony LORIG and Dean Lorig, Appellants,

v.

The CITY OF MISSION, Appellee.

No. 1941.

Court of Appeals of Texas, Corpus Christi.

Dec. 17, 1981.

Rehearing Denied Jan. 7, 1982.

Joseph R. Preston, Mission, for appellants.

M. Lloyd Seljos, McAllen, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from the granting of a summary judgment. Appellants failed to comply with notice of claim provisions of the city charter in a personal injury case. We affirm.

The sole issue on appeal is whether the trial court committed error in granting the summary judgment.

On April 30, 1980, Peter Anthony Lorig, while driving a pickup truck owned by Dean Lorig on a city street, collided with another vehicle at an intersection controlled by a stop sign. Lorig failed to stop at the stop sign and complained that he did not see the stop sign because it was obscured by trees and branches.

Peter Anthony Lorig and Dean Lorig filed suit against the City of Mission under the Texas Tort Claims Act. The City filed a motion for summary judgment on the basis that neither of them had complied with the city charter provisions requiring written notice of a claim to be filed with the City within 30 days of an accident. The trial court granted the summary judgment and Dean Lorig perfected this appeal.

Peter Anthony Lorig failed to file a bond or an affidavit in lieu of bond. His appeal is, therefore, dismissed. *Woods Exploration and Producing Co., Inc. v. Arkla Equipment Co.*, 528 S.W.2d 568 (Tex.1975).

It is undisputed that appellant, Dean Lorig, failed to give written notice as required by the city charter, and there was no issue in the trial court concerning any exceptions to compliance with the notice provisions of the charter.

█ It is well established that maintenance of streets in a safe condition is a proprietary function, and that a city is liable for its negligence in the performance of this function. *Turvey v. City of Houston*, 602 S.W.2d 517 (Tex.1980). This duty is not limited to the traveled portion of the street alone, but extends to the prevention of defects outside the traveled or improved portions of the street if its proximity thereto renders it probable that such defect will result in injury to those using the improved portion of the street. *Jezek v. City of Midland*, 605 S.W.2d 544, 546 (Tex.1980).

The Texas Tort Claims Act does not apply to proprietary functions of a city. *Turvey v. City of Houston, supra*; Tex.Rev. Civ.Stat.Ann. Article 6252–19 § 18(a).

█ Since appellant's notice of claim did not comply with the requirements of the city charter of the City of Mission, he has not met a condition precedent to the maintenance of a cause of action against the City. Appellant argues that notice to the police officer who investigated the accident is actual notice to the City as a matter of law and that this excuses his failure to comply with the written notice provisions in the city charter. We disagree.

The summary judgment was properly granted and the judgment of the trial court is affirmed.