Dean LORIG, Petitioner,

v.

The CITY OF MISSION, Respondent.

No. C–978.

Supreme Court of Texas.

March 17, 1982.

---

Joseph R. Preston and John W. Clark, Mission, for petitioner.

Judin, Ellis & Barron, M. Lloyd Seljos, McAllen, for respondent.

PER CURIAM.

This is an appeal from a summary judgment. Lorig sued the City of Mission for damages caused to his truck when the truck collided with another vehicle at an intersection controlled by a stop sign. The driver of the truck failed to stop, and complained that he did not see the stop sign because it was obstructed by trees and branches. The city moved for summary judgment on the ground that Lorig had failed to comply with the city's charter provisions requiring written notice of a claim to be filed with the city within thirty days of an accident. The trial court granted summary judgment in favor of the city.

The court of appeals affirmed the judgment of the trial court on the basis that keeping a stop sign unobstructed is a proprietary function and that Lorig had failed to give written notice of his claim as required by the city's charter provisions. 626 S.W.2d 183. We disagree with the holding of the court of appeals that keeping a stop sign unobstructed is a proprietary function and hold that it is a governmental function to which the notice provisions of the Texas Torts Claims Act apply.

In plaintiff's brief in opposition to defendant's motion for summary judgment, plaintiff points out that absence or condition of a traffic or road sign does not fall within the proprietary function of a city, but on the contrary is a governmental function to which the Texas Torts Claims Act would apply. Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 14(12). It is further alleged by plaintiff that actual notice of his injury as allowed by article 6252–19, section 16 was received by the city.

Regulation of traffic is a governmental function. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960). A stop sign is intended to regulate traffic for the safety of the public generally. *See Sarmiento v. Corpus Christi*, 465 S.W.2d 813 (Tex.Civ.App.—Corpus Christi 1976, no writ); *City of Austin v. Daniels, supra, Parson v. Texas City*, 259 S.W.2d 333 (Tex. Civ.App.—Ft. Worth 1953, writ ref'd). Cases which have involved road signs, but were characterized as proprietary function cases, were those which warned of construction or improvements to streets. Road construction or improvement by a city does not arise out of its police power to control and regulate traffic. *City of Austin v. Schmedes*, 154 Tex. 416, 279 S.W.2d 326, 330 (1955). Prior to the Texas Torts Claims Act, such holdings allowed claims to be brought against a city that performed a proprietary function, i.e. maintenance of streets, but involved the negligent erection or maintenance of traffic signs warning of road construction. There are still other cases which have elements of both governmental and proprietary functions. In such

cases, cities were not allowed to claim immunity by virtue of the governmental function. *See Crow v. City of San Antonio*, 157 Tex. 250, 301 S.W.2d 628 (1957).

■ The present case does not involve the maintenance or improvement of a street, nor the mixture of a proprietary function with a governmental function, but the maintenance of a traffic control sign which we hold is a governmental function. Article 6252–19 § 14(12) of the Texas Torts Claims Act permits a claim against a city arising from the absence, *condition* or malfunction of a *traffic or road sign*. A stop sign's obstruction from view by trees or branches is a "condition" of that sign within the meaning of article 6252–19, section 14(12). Accordingly, if a city has prior notice of such a condition and fails to remedy such condition within a reasonable time, it may be liable under the Texas Torts Claims Act provided the city has proper notice of the claimant's injury. Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 16.

■ Whether the city of Mission had actual notice of the claimant's injury as provided by article 6252–19, section 16, is a fact question. *See Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Comm'n App.1928, judgment adopted). We hold that the trial court erred in granting the city's motion for summary judgment, because there existed material issues of fact including whether the city received actual notice of the plaintiff's injury.

The court of appeals opinion conflicts with this Court's opinion in *City of Austin v. Daniels, supra,* and article 6252–19, sections 14(12) and 16. Pursuant to Rule 483, Tex.R.Civ.P., we grant Lorig's application for writ of error and, without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to the trial court for trial on its merits.