

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 12, 2003

The Honorable Oliver S. Kitzman
Waller County Criminal District Attorney
836 Austin Street, Suite 103
Hempstead, Texas 77445

Opinion No. GA-0129

Re: Whether the Waller County Commissioners Court must provide notice and hold a hearing under section 251.152 of the Transportation Code before authorizing the installation of stop signs on a county road   (RQ-0070-GA)

Dear Mr. Kitzman:

You ask whether the Waller County Commissioners Court must provide notice and hold a hearing under section 251.152 of the Transportation Code before authorizing the installation of stop signs on a county road.[1]

Title 7, subtitle C of the Transportation Code, the "Rules of the Road," applies uniformly throughout the state, and a local authority, such as a county, may regulate traffic only in a manner that does not conflict with it. *See* TEX. TRANSP. CODE ANN. § 542.201 (Vernon 1999); *see also id.* § 541.002(3) (defining "local authority" to include a county or municipality). Subtitle C charges the Texas Department of Transportation with, among other things, adopting a manual for a uniform system of traffic-control devices, including stop signs,[2] and placing and maintaining traffic-control devices on state highways. *Id.* §§ 544.001-.002(a). A local authority may place and maintain a traffic-control device on a highway under its jurisdiction to implement subtitle C or a local traffic ordinance. *Id.* § 544.002(b); *see also id.* § 541.302(5) (defining "[h]ighway or street" to mean "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel").[3] The traffic-control device must conform to the Department of Transportation's manual. *See id.* § 544.002(b).

---

[1]Letter from Debra Mergel, Assistant Criminal District Attorney, Waller County, to Office of the Attorney General, at 2 (received May 28, 2003) [hereinafter Request Letter].

[2]*See* TEX. TRANSP. CODE ANN. § 541.304(1) (Vernon 1999) (defining "[o]fficial traffic-control device" to mean "a sign, signal, marking, or device that is: (A) consistent with this subtitle; (B) placed or erected by a public body or officer having jurisdiction; and (C) used to regulate, warn, or guide traffic").

[3]*See also id.* § 542.203(a) ("A local authority may not erect or maintain a traffic-control device to direct the traffic on a state highway, including a farm-to-market or ranch-to-market road, to stop or yield before entering or crossing an intersecting highway unless permitted by agreement between the local authority and the Texas Department of Transportation under Section 221.002.").

Chapter 251, subchapter E of the Transportation Code authorizes a commissioners court to regulate traffic on county roads. *See id.* § 251.151 (a commissioners court "may regulate traffic on a county road or on real property owned by the county that is under the jurisdiction of the commissioners court"). Section 251.152 requires a commissioners court to provide notice and hold a public hearing before issuing a traffic regulation:

> (a) Except as provided by Section 251.159, before the commissioners court may issue *a traffic regulation* under this subchapter, the commissioners court must hold a public hearing on the proposed regulation.

> (b) The commissioners court shall publish notice of the hearing in a newspaper of general circulation in the county. The notice must be published not later than the seventh or earlier than the 30th day before the date of the hearing.

*Id.* § 251.152 (emphasis added).

In connection with a request from the Waller County Road and Bridge Department for authorization to install stop signs at either end of a county road, you ask whether the Waller County Commissioners Court is required by section 251.152 "to place a notice in the newspaper and hold a public hearing before approving the placement of stop signs on a county road." Request Letter, *supra* note 1, at 2. You inform us that section 251.159, which applies only to a county with a population of more than 200,000, does not apply to Waller County. *See id.* at 3; *see also* TEX. TRANSP. CODE ANN. § 251.159 (Vernon Supp. 2004) (permitting commissioners court to provide a traffic-regulation notice by posting a sign in lieu of publication and requiring commissioners court to hold a public hearing on a proposed traffic regulation only if requested by a resident).

Your query requires us to determine whether a commissioners court order authorizing the installation of stop signs on a county road is "a traffic regulation" under section 251.152. Chapter 251, subchapter E does not define the term "traffic regulation," and we have not located any judicial or attorney general opinion addressing section 251.152's scope. Nor is the term "traffic regulation" defined in any other Texas statute. According to its common meaning, however, a "traffic regulation" is a broad term that refers to "a prescribed rule of conduct for traffic; a rule intended to promote the orderly and safe flow of traffic." BLACK'S LAW DICTIONARY 1502 (7th ed. 1999) (defining "traffic regulation"); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases must be construed according to common usage), 311.011(b) (words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, must be construed accordingly).

Under the statewide "Rules of the Road," a stop sign is a "traffic-control device" that governs drivers' conduct. *See, e.g.,* TEX. TRANSP. CODE ANN. §§ 544.010(a) (Vernon 1999) ("the operator of a vehicle or streetcar approaching an intersection with a stop sign shall stop as provided by Subsection (c)"), 544.010(c) (stop requirements), 545.151(a) ("[a]n operator approaching an intersection . . . shall stop, yield, and grant immediate use of the intersection in obedience to an

official traffic-control device, including a stop sign or yield right-of-way sign"), 545.153(b) ("an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another"). A commissioners court order to install a stop sign at a particular location thus imposes a prescribed rule of conduct for traffic at that location. *See id.* § 544.002(b) (*"To implement this subtitle or a local traffic ordinance,* a local authority may place and maintain a traffic-control device on a highway under the authority's jurisdiction.") (emphasis added); *see also Lorig v. City of Mission,* 629 S.W.2d 699, 700 (Tex. 1982) ("A stop sign is intended to regulate traffic for the safety of the public generally."). Accordingly, we conclude that a commissioners court order authorizing the installation of stop signs on a county road is a "traffic regulation" within section 251.152's plain meaning.

In addition, section 251.155 of the Transportation Code, which specifically addresses a commissioners court's authority to install stop signs, indicates that a commissioners court order authorizing the installation of traffic-control devices, including stop signs, is a traffic regulation. Specifically, section 251.155(a) authorizes a commissioners court to *"adopt regulations* establishing a system of traffic control devices in restricted traffic zones on property described by Section 251.151." TEX. TRANSP. CODE ANN. § 251.155(a) (Vernon 1999) (emphasis added); *see also id.* § 251.151 (a commissioners court "may regulate traffic *on a county road or on real property owned by the county* that is under the jurisdiction of the commissioners court") (emphasis added). Under section 251.155(c), a commissioners court may authorize the installation of certain traffic-control devices, including stop signs, by order: "The commissioners court by order entered on its minutes may install and maintain on property to which this section applies any traffic signal light, *stop sign,* or no-parking sign that the court considers necessary for public safety." *Id.* § 251.155(c) (emphasis added). A system of traffic-control devices adopted under section 251.155 "must conform to the manual and specifications of the Texas Department of Transportation." *Id.* § 251.155(b).

You contend, however, that section 251.155 does not apply to Waller County's installation of stop signs because that statute deals only with "restricted traffic zones" and "Waller County has not established restricted traffic zones." Request Letter, *supra* note 1, at 3. You suggest that a restricted traffic zone is an area with some special legal status and that section 251.155 does not apply unless the commissioners court acts to install a traffic-control device in such an area. Although both sections 251.155 and 251.156 use the phrase "restricted traffic zone," TEX. TRANSP. CODE ANN. §§ 251.155(a), 251.156(a) ("The commissioners court of a county by order may have signs installed that prohibit or restrict the stopping, standing, or parking of a vehicle in a restricted traffic zone on property described by Section 251.151 . . . .") (Vernon 1999 & Supp. 2004), subchapter E does not establish special rules or procedures for establishing restricted traffic zones. Subchapter E does not define the phrase nor is it used or defined by any other Texas law. The meaning of the phrase "restricted traffic zone" in sections 251.155 and 215.156 is not clear, but given that state law does not afford a restricted traffic zone any special status, it appears that the phrase simply refers to an area in which the county regulates traffic.

This interpretation of a restricted traffic zone as an area in which the county regulates traffic is supported by these provisions' evolution over the last half century. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (in construing statutes, courts may consider, among other things, the

circumstances under which a statute was enacted and the legislative history); *see also Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) ("specific, unambiguous [codified] statutes are the current law and should not be construed by a court to mean something other than the plain words say"). In 1947, this office concluded that a commissioners court lacked authority to regulate traffic speeds and to install traffic-control devices. *See* Tex. Att'y Gen. Op. No. V-429 (1947). Thereafter, the legislature enacted several statutes authorizing counties to alter speed limits established by the State Highway Commission. *See generally id.* V-1478 (1952). The legislature enacted the statutory predecessor to chapter 251, subchapter E of the Transportation Code, former article 6701g of the Revised Civil Statutes, in 1951. Section 1 authorized certain more populous counties "to create and establish restricted traffic zones" in the county. Act of April 18, 1951, 52d Leg., R.S., ch. 302, § 1, 1951 Tex. Gen. Laws 483, 483 (codified as former article 6701g, § 1). Section 3 authorized those counties to "adopt rules and regulations consistent with this Act for the establishment of a system of traffic control devices within restricted traffic zones." *Id.* § 3 at 483-84 (codified as former article 6701g, § 3). In 1971, the legislature amended article 6701g, section 1 to authorize certain counties to "regulate and restrict traffic on county roads," deleting the phrase "restricted traffic zone" from section 1. *See* Act of May 19, 1971, 62d Leg., R.S., ch. 318, § 1, 1971 Tex. Gen. Laws 1260, 1260. This new language appears to have broadened a commissioners court's authority beyond regulating speeds to regulating traffic generally, while embracing counties' existing authority to control traffic in restricted traffic zones. The same legislation added section 1(b) to article 6701g, requiring a commissioners court to "hold a public hearing before issuing any traffic regulation pursuant to this Act." *Id.*

In 1983, the legislature repealed article 6701g and adopted article 6702-1 of the Revised Civil Statutes, the County Road and Bridge Act, which authorized commissioners courts in all counties to "regulate and restrict traffic on county roads" in section 2.301(a)(1) and required a commissioners court to hold a hearing before issuing any traffic regulation in section 2.301(a)(2). *See* Act of May 20, 1983, 68th Leg., R.S., ch. 288, §§ 1-2 (repealing article 6701g), 1983 Tex. Gen. Laws 1431, 1452, 1526. The legislature codified the County Road and Bridge Act in the Transportation Code in 1995. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24 (repealing article 6702-1), 1995 Tex. Gen. Laws 1025, 1159-1161, 1871. The codification omits the word "restrict" in section 251.151 "because 'restrict' is included within the meaning of regulate." TEX. TRANSP. CODE ANN. § 251.151 revisor's note (Vernon 1999).

Subchapter E's predecessors indicate that the phrase "restricted traffic zone" in sections 251.155 and 251.156 is a vestige from former law and that the phrase refers to an area in which a county regulates traffic. Thus, section 251.155 applies whenever a commissioners court orders the installation of stop signs or other traffic-control devices. Significantly, that statute's express language is consistent with our conclusion that a commissioners court order to install stop signs constitutes a traffic regulation and is therefore subject to section 251.152's procedural requirements. *See id.* § 251.155(a) (commissioners court may "adopt *regulations establishing a system of traffic control devices* in restricted traffic zones on property described by Section 251.151") (emphasis added).

### S U M M A R Y

Section 251.152 of the Transportation Code requires a commissioners court to provide notice and hold a hearing before issuing a traffic regulation. An order to install stop signs on a county road constitutes a traffic regulation. The Waller County Commissioners Court must provide notice and hold a hearing under section 251.152 before authorizing the installation of stop signs on a county road. In addition, section 251.155 of the Transportation Code applies whenever a commissioners court orders the installation of stop signs or other traffic-control devices to regulate traffic. Stop signs installed by a county must conform with the Texas Department of Transportation's manual for a uniform system of traffic-control devices. *See* TEX. TRANSP. CODE ANN. §§ 251.155(b), 544.001-.002(b) (Vernon 1999).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee