COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-034-CV
 
PARKER COUNTY, TEXAS                                                        
   APPELLANT
V.
ASHLEY SHANKLES                                                                     
APPELLEE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
MEMORANDUM OPINION(1)
------------
In this interlocutory appeal, Parker
County (the "County") appeals from the trial court's denial of its
plea to the jurisdiction on the ground that the doctrine of sovereign immunity
bars Ashley Shankles's claims under the Texas Tort Claims Act. We will affirm.
On July 10, 2001, Jack Walker was
traveling eastbound on Bankhead Highway towards FM 5, looking for a friend's
residence. At the intersection with FM 5, eastbound traffic on Bankhead is
required to stop. Walker did not see the stop sign, however, and failed to stop.
As a result, his vehicle collided with another vehicle. Ashley Shankles, a
passenger in the second vehicle, sustained physical injuries.
Shortly after the collision occurred, Ken
Galbreaith, a crime scene investigator with the Parker County Sheriff's
Department, took photographs of the stop sign and surrounding area. The
photographs show that the stop sign at issue was clearly visible from at least
160 yards away.
On August 15, 2001, Shankles sued Walker
for negligent operation of a motor vehicle and negligence per se. She also
pleaded negligent entrustment against Walker's father, the owner of the vehicle.(2)
Then, on January 10, 2002, Shankles added the County as a party, alleging that
the County had violated the Texas Tort Claims Act by allowing overhanging
foliage to obstruct the view of the stop sign. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021 (Vernon 1997). She further alleged that the
foliage's condition constituted a special defect, premises defect, and a misuse
of personal property. See id. § 101.022. In response, the
County filed a plea to the jurisdiction asserting its sovereign immunity from
suit. The County also filed a motion for summary judgment. The trial court
denied both the plea to the jurisdiction and the motion for summary judgment.
The County appealed only the denial of the plea to the jurisdiction.
A plea to the jurisdiction challenges the
trial court's authority to determine the subject matter of the action. Tex.
Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849,
855 (Tex. 2002); Mogayzel v. Tex. Dep't of Transp., 66 S.W.3d 459, 463
(Tex. App.--Fort Worth 2001, pet. denied). The plaintiff has the burden of
alleging facts that affirmatively establish the trial court's subject matter
jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). In determining whether jurisdiction exists, we accept the
allegations in the pleadings as true and construe them in favor of the pleader. Id.;
Tex. Dep't of MHMR v. Lee, 38 S.W.3d 862, 865 (Tex. App.--Fort Worth 2001,
pet. denied). We must also consider evidence relevant to jurisdiction when it is
necessary to resolve the jurisdictional issue raised. Bland I.S.D. v. Blue,
34 S.W.3d 547, 555 (Tex. 2000).
In its first issue, the County asserts
that it is immune from suit because the overhanging foliage and tree canopy
allegedly blocking the view of the stop sign was not a "condition"
within the meaning of the Texas Tort Claims Act (the "Act").
Under the Act, a governmental unit is
liable for "personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law." Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(2). The County acknowledges that
vegetation obstructing the view of a stop sign is a "condition" of
that sign within the meaning of the Act. See, e.g., Lorig v. City of Mission,
629 S.W.2d 699, 701 (Tex. 1982). The County, however, contends that the
vegetation is not a condition under the Act in this case because the sign was
located in a county rather than a municipality. We disagree. Whether a sign is
located in a county or a municipality is irrelevant to the determination of
whether the vegetation obscuring it is a condition. Therefore, we hold that the
overhanging foliage and tree canopy allegedly obstructing the view of the stop
sign constitute a condition of the sign. Accordingly, the County's first issue
is overruled.
In its second and third issues, the County
argues that it is immune from liability because the overhanging foliage and tree
canopy allegedly blocking the view of the stop sign did not constitute a special
defect or a premises defect within the meaning of the Act.
Immunity from suit bars a lawsuit
against the State, unless the legislature expressly gives its consent to the
suit. Jones, 8 S.W.3d at 638; Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 405 (Tex. 1997); Lee, 38 S.W.3d at 865-66. Absent such
consent, the trial court does not have subject matter jurisdiction to hear the
case. Jones, 8 S.W.3d at 638; Lee, 38 S.W.3d at 866. By
contrast, immunity from liability protects the State from judgments
even if the legislature has expressly given consent to the suit. Fed. Sign,
951 S.W.2d at 405; Lee, 38 S.W.3d at 866. Immunity from liability is an
affirmative defense, not a jurisdictional issue. Lee, 38 S.W.3d at 866.
The County in this case only appealed the
trial court's denial of its plea to the jurisdiction. In an appeal from the
trial court's denial of a plea to the jurisdiction, the reviewing court merely
reviews the pleadings and evidence to determine whether the trial court has
subject matter jurisdiction to hear the case. Blue, 34 S.W.3d at 555; Lee,
38 S.W.3d at 865. We do not review the record to determine liability. Because
the County did not appeal the trial court's denial of its motion for summary
judgment, the liability issues disposed of by the trial court's denial of the
County's motion are not before us. Accordingly, we overrule the County's second
and third issues. The trial court's judgment is affirmed.
 
                                                                      
JOHN CAYCE
                                                                      
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DELIVERED: August 26, 2003

1. See Tex. R. App. P. 47.4.
2. After accepting policy limits of $100,000, Shankles
dismissed her claims against Walker and his father.