Parker County, Texas v. Shankles

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-034-CV

PARKER COUNTY, TEXAS APPELLANT

V.

ASHLEY SHANKLES APPELLEE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this interlocutory appeal, Parker County (the “County”) appeals from the trial court’s denial of its plea to the jurisdiction on the ground that the doctrine of sovereign immunity bars Ashley Shankles’s claims under the Texas Tort Claims Act.  We will affirm.   

On July 10, 2001, Jack Walker was traveling eastbound on Bankhead Highway towards FM 5, looking for a friend’s residence.  At the intersection with FM 5, eastbound traffic on Bankhead is required to stop.  Walker did not see the stop sign, however, and failed to stop.  As a result, his vehicle collided with another vehicle.  Ashley Shankles, a passenger in the second vehicle, sustained physical injuries. 

Shortly after the collision occurred, Ken Galbreaith, a crime scene investigator with the Parker County Sheriff’s Department, took photographs of the stop sign and surrounding area.  The photographs show that the stop sign at issue was clearly visible from at least 160 yards away. 

On August 15, 2001, Shankles sued Walker for negligent operation of a motor vehicle and negligence per se.  She also pleaded negligent entrustment against Walker’s father, the owner of the vehicle.
(footnote: 2)  Then, on January 10, 2002, Shankles added the County as a party, alleging that the County had violated the Texas Tort Claims Act by allowing overhanging foliage to obstruct the view of the stop sign.  
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 101.021 (Vernon 1997)
.  
She further alleged that the foliage’s condition constituted a special defect, premises defect, and a misuse of personal property.  
See
 
id. 
§ 101.022.
  
In response, the County filed a plea to the jurisdiction asserting its sovereign immunity from suit.  The County also filed a motion for summary judgment.  The trial court denied both the plea to the jurisdiction and the motion for summary judgment.  The County appealed only the denial of the plea to the jurisdiction.

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.  
Tex. Dep’t of Transp. v. Jones,
 8 S.W.3d 636, 638 (Tex. 1999).  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.  
Tex. Natural Res. Conservation Comm’n v. IT-Davy,
 74 S.W.3d 849, 855 (Tex. 2002); 
Mogayzel v. Tex. Dep’t of Transp.,
 66 S.W.3d 459, 463 (Tex. App.—Fort Worth 2001, pet. denied).  The plaintiff has the burden of alleging facts that affirmatively establish the trial court’s subject matter jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993).  In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader.  
Id.; Tex. Dep’t of MHMR v. Lee,
 38 S.W.3d 862, 865 (Tex. App.—Fort Worth 2001, pet. denied).  We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised.  
Bland I.S.D. v. Blue,
 34 S.W.3d 547, 555 (Tex. 2000). 

In its first issue, the County asserts that it is immune from suit because the overhanging foliage and tree canopy allegedly blocking the view of the stop sign was not a “condition” within the meaning of the Texas Tort Claims Act (the “Act”). 

Under the Act, a governmental unit is liable for “personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021(2).  The County acknowledges that vegetation obstructing the view of a stop sign is a “condition” of that sign within the meaning of the Act.  
See, e.g., Lorig v. City of Mission
, 629 S.W.2d 699, 701 (Tex. 1982).  The County, however, contends that the vegetation is not a condition under the Act in this case because the sign was located in a county rather than a municipality.  We disagree.  Whether a sign is located in a county or a municipality is irrelevant to the determination of whether the vegetation obscuring it is a condition.  Therefore, we hold that the overhanging foliage and tree canopy allegedly obstructing the view of the stop sign constitute a condition of the sign.  Accordingly, the County’s first 
issue is overruled.

In its second and third issues, the County argues that it is immune from liability because the overhanging foliage and tree canopy allegedly blocking the view of the stop sign did not constitute a special defect or a premises defect within the meaning of the Act.  

Immunity from 
suit
 bars a lawsuit against the State, unless the legislature expressly gives its consent to the suit.  
Jones
, 8 S.W.3d at 638; 
Fed. Sign v. Tex. S.  Univ
., 951 S.W.2d 401, 405 (Tex. 1997); 
Lee
, 38 S.W.3d at 865-66.  Absent such consent, the trial court does not have subject matter jurisdiction to hear the case.  
Jones
, 8 S.W.3d at 638; 
Lee
, 38 S.W.3d at 866.  By contrast, immunity from 
liability
 protects the State from judgments even if the legislature has expressly given consent to the suit.  
Fed. Sign
, 951 S.W.2d at 405; 
Lee
, 38 S.W.3d at 866.  Immunity from liability is an affirmative defense, not a jurisdictional issue.  
Lee
, 38 S.W.3d at 866. 

The County in this case only appealed the trial court’s denial of its plea to the jurisdiction.  In an appeal from the trial court’s denial of a plea to the jurisdiction, the reviewing court merely reviews the pleadings and evidence to determine whether the trial court has subject matter jurisdiction to hear the case.  
Blue,
 34 S.W.3d at 555; 
Lee,
 38 S.W.3d at 865
.  
We do not review the record to determine liability.  Because the County did not appeal the trial court’s denial of its motion for summary judgment, the liability issues disposed of by the trial court’s denial of the County’s motion are not before us.  Accordingly, we overrule the County’s second and third issues.  The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: 
August 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
After accepting policy limits of $100,000, Shankles dismissed her claims against Walker and his father.