NO. 12-10-00127-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MONTE STROTHER AND JOAN             §                      APPEAL
FROM THE 7TH

STROTHER, INDIVIDUALLY

AND AS REPRESENTATIVE FOR

ALL OTHER WRONGFUL DEATH

BENEFICIARIES, AND AS HEIRS

AT LAW AND REPRESENTATIVES

OF THE ESTATE OF TRACY

LYNN KING, DECEASED,                         §                      JUDICIAL
DISTRICT COURT 

APPELLANTS

                                                                        

V.                                                                    

 

CITY OF TYLER, A TEXAS

MUNICIPALITY,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

            Monte
Strother and Joan Strother (the Strothers), individually and as representatives
for all other wrongful death beneficiaries, and as heirs at law and
representatives of the estate of Tracy Lynn King, deceased, appeal the trial
court’s order granting the City of Tyler’s plea to the jurisdiction and
dismissing their case.  The Strothers raise three issues on appeal.  We affirm.

 

Background

Tracy
Lynn King was killed when her car was struck by a tractor trailer.  King had
approached a “T intersection” and stopped her vehicle in compliance with an
overhead flashing red signal light.  Subsequently, King proceeded into the
intersection where a tractor trailer struck her car, resulting in her death. 
There was no overhead flashing red signal light for cross traffic at that
intersection.  

Thereafter,
the Strothers brought the instant wrongful death and survival action against
the City of Tyler (the City).  Their petition sets forth, in pertinent part, as
follows:

 

[The City] owed a duty to Tracy Lynn King to replace
the inadequate, pre-existing traffic-control devices with devices that would
make the intersection where Tracy Lynn King was killed safer. 

 

[The City] also owed [King] the duty to correct the
absence or condition by installing a different and safer traffic-controlled
device within a reasonable time after having received actual or constructive
notice of its absence or condition and of the necessity for the installation of
same.

 

 

 

The Strothers
further alleged that, three years before the collision, the City completed a
traffic study concerning the intersection in question and received approval to
replace the existing traffic light from the Texas Department of
Transportation’s District Engineer for the City.

On
February 24, 2010, the City filed a plea to the jurisdiction, in which it
contended that the Strothers’ lawsuit was barred by its governmental immunity. 
The Strothers responded that the City had waived its immunity pursuant to Texas
Civil Practice and Remedies Code, sections 101.021, 101.0215, and 101.060.  On
April 1, 2010, the trial court granted the City’s plea to the jurisdiction. 
This appeal followed.

 

Sovereign Immunity

            In
their first, second, and third issues, the Strothers argue that the trial court
erred in granting the City’s plea and dismissing their case because the City
waived its immunity pursuant to the Texas Tort Claims Act.[1] 
Whether a court has subject matter jurisdiction is a question of law. Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).  Whether a pleader has alleged facts that affirmatively demonstrate a
trial court’s subject matter jurisdiction is a question of law reviewed de
novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004).  Likewise, whether undisputed evidence of jurisdictional
facts establishes a trial court's jurisdiction is also a question of law.  Id. 
However, in some cases, disputed evidence of jurisdictional facts that also
implicate the merits of the case may require resolution by the finder of fact. 
Id.

            When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court's
jurisdiction to hear the cause.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings
liberally in favor of the plaintiffs and look to the pleaders’ intent.  Id.
 If the pleadings do not contain sufficient facts to affirmatively demonstrate
the trial court’s jurisdiction but do not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency and the
plaintiffs should be afforded the opportunity to amend.  Miranda,
133 S.W.3d at 226–27.  If the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing
the plaintiffs an opportunity to amend. Id. at 227.

The
City is immune from both suit and liability for King’s death unless its
immunity is waived by the terms of the Texas Tort Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2),
101.0215 (Vernon 2005).  The threshold inquiry is whether immunity has been
waived under section 101.021, which states that “[a] governmental unit in the
state is liable for . . . personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.”  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2); Tex. Dep't of
Transp. v. Garza, 70 S.W.3d 802, 806 (Tex. 2002).  However, there are
exceptions to section 101.021(2)’s waiver provision.  Garza, 70
S.W.3d at 806.  Even if waiver would be established under section 101.021, the
City retains governmental immunity for claims arising from “the absence,
condition, or malfunction of a traffic or road sign, signal, or warning device
unless the absence, condition, or malfunction is not corrected by the
responsible governmental unit within a reasonable time after notice.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2)
(Vernon 2005).

Condition

We
first consider the correct interpretation of the word “condition” as used in
the Act.  When construing a statute, we begin with the plain and common meaning
of the statutory language. Garza, 70 S.W.3d at 806; Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865–66 (Tex.
1999).  “Condition” is not defined by the Act.  Garza, 70 S.W.3d
at 806.  However, we may look to the context of the term to determine the
legislature's intended meaning.  Id.  “Condition” is first found
in the general waiver section, which states that immunity is waived for
“personal injury and death so caused by a condition or use of tangible personal
or real property.”  Tex. Civ. Prac.
& Rem. Code Ann. §
101.021.  Then, section 101.060(a)(2) retains governmental immunity for claims
arising from “the absence, condition, or malfunction of a traffic or road sign,
signal, or warning device unless the absence, condition, or malfunction is not
corrected by the responsible governmental unit within a reasonable time after
notice.”  Id. § 101.060(a)(2).  The legislature's placement of
“condition” in between “absence” and “malfunction,” coupled with the language
that recants section 101.060(a)(2)’s retention of immunity when the “condition”
is “not corrected” after notice, indicates that the legislature intended a
“condition” of a signal to be not just any condition.  Garza, 70
S.W.3d at 807.  Rather, the legislature intended this sort of “condition” to be
only something “wrong” with the traffic sign or signal such that it would
require correction by the governmental unit after notice.  Id.  

Historically,
waiver of immunity for the condition of a traffic sign or signal has been found
only in situations in which the sign or signal either (1) was unable to convey
the intended traffic control information or (2) conveyed traffic control
information other than what was intended.  Id.; see, e.g.,
Alvarado v. City of Lubbock, 685 S.W.2d 646, 647–49 (Tex. 1985)
(speed limit sign was “condition” where it posted limit of fifty-five miles per
hour when city ordinance set actual speed limit at fifty miles per hour because
it conveyed traffic control information other than what was intended); Lorig
v. City of Mission, 629 S.W.2d 699, 700 (Tex. 1982) (trees and branches
obstructed stop sign, preventing it from conveying intended traffic control
information to motorists; sign’s obstruction from view was “condition”); see
also, e.g., Sparkman v. Maxwell, 519 S.W.2d 852, 854–56 (Tex.
1975) (stop light was a “condition” because it displayed red left turn arrow
that confused motorists and, thus, displayed wrong traffic control
information).

In
the case at hand, there is no allegation that the signal light in question was
(1) unable to convey the intended traffic control information or (2) conveyed
traffic control information other than what was intended.  Rather, the
Strothers’ allegations support that the signal, a flashing red light, conveyed
the intended traffic control information to King.  That flashing red light
required that King stop and yield the right-of-way to a vehicle that had
entered the intersection from another highway or that was approaching so
closely as to be an immediate hazard to her movement in or across the
intersection.  See Tex. Transp.
Code Ann. §§ 544.004 (operator shall comply with traffic control
device), 544.008 (flashing signals), 544.010 (stop signs and yield signs),
545.153 (vehicle entering stop or yield intersection) (Vernon 1999).  Nonetheless,
the Strothers argue that the light was unable to convey to King the information
it was conveying to cross traffic, thereby causing her to mistakenly believe
that the information conveyed to cross traffic was identical to that which the
signal conveyed to her.  We cannot conclude that this “condition” amounts to
something “wrong” with the traffic signal such that it would require correction
by the City after it received notice.  As such, we decline to extend the law to
include this “condition” alleged by Strother.  Thus, we hold that the
allegations in the Strothers’ petition do not set forth a “condition” for which
the City waived its immunity under section 101.021(2).  See Garza,
70 S.W.3d at 807.  

Absence

Even
had we determined that the City waived its immunity under section 101.021(2),
the outcome would not differ.  Under section 101.060(a)(2), the word “absence”
requires a prior presence; that is, it does not apply to a governmental unit’s
initial installation of, or failure to initially install, a traffic signal. See
City of Grapevine v. Sipes, 195 S.W.3d 689, 695 (Tex. 2006). 
Here, the Strothers argue that the implementation of a policy decision to
install a different traffic-control device is the absence of the traffic
control device.  Thus, they conclude that the City waived immunity” under
section 101.060(a)(2).  

The
facts in the instant case do not support the conclusion that there was an “absence”
of a traffic signal as interpreted by the court in Sipes.  Here,
there was a functioning signal present at the intersection at the time of the
accident.  The City’s decision[2]
to replace this functioning device with another, purportedly safer, traffic
signal does not amount to an “absence” of the signal merely because there was
no prior presence of that type of purportedly safer signal.  If anything,
the City’s decision is more closely analogous to a governmental unit’s initial
installation of a traffic signal, a discretionary act for which the City
retains immunity.  See id.  Accordingly, we hold that the City
did not waive its immunity under section 101.060(a)(2).

            Appellant’s
first, second, and third issues are overruled.

 

Conclusion

            The
City did not waive its immunity.  Accordingly, the Strothers’ first, second,
and third issues are overruled.  Having overruled Appellant’s first, second,
and third issues, we affirm the trial court’s judgment.

                                                                   James
T. Worthen                                                                                          
                                     Chief Justice

 

Opinion delivered February 23, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] See Tex.
Civ. Prac. & Rem. Code Ann.
§§ 101.021, 101.0215, 101.022(b) 101.060 (Vernon 2005 & Supp. 2010). 
Specifically, the Strothers contend that the City waived its immunity because
the Strothers pleaded sufficient facts to demonstrate that the City failed to
correct a condition and/or absence of a traffic control device under its
control within a reasonable amount of time after it received notice thereof.





[2] We construe the pleadings
liberally in favor of the Strothers.  We assume arguendo, but do not decide,
that the City’s receipt of approval to replace the existing traffic light from
the Texas Department of Transportation’s District Engineer for the City amounts
to a decision by the City to replace the traffic light.